UNITED STATES of America,
Plaintiff–Appellee,

v.

TWO UNITS, MORE OR LESS, OF AN ARTICLE OR DEVICE, CONSISTING OF A POWER UNIT AND A CHAIR, etc., Defendant,

and

Kyttaron Energy Corporation,
Claimant–Appellant.

No. 93–16083.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 14, 1994.*

Memorandum Nov. 23, 1994.

Order and Opinion March 6, 1995.

Richard J. Merritt, Lido Beach, NY, for claimant-appellant.

Greg Addington, Asst. U.S. Atty., and James S. Cohen, Associate Chief Counsel for Enforcement, U.S. Food and Drug Admin., Reno, NV, for plaintiff-appellee.

Before: CHOY, FARRIS, and BRUNETTI, Circuit Judges.

## ORDER

The memorandum disposition filed November 23, 1994, is redesignated as an authored opinion by Judge Farris.

## OPINION

FARRIS, Circuit Judge:

Kyttaron Energy Corporation appeals from the district court's summary judgment for the United States. Kyttaron contends that the district court erred in ruling that the seized medical devices were subject to forfeiture under the Food, Drug, and Cosmetic Act for failure to maintain adequate records and for mislabeling. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## I. BACKGROUND

Evans Rapsomanikis is the founder and CEO of Kyttaron Energy Corporation, which is licensed to conduct business in California and Nevada. Kyttaron manufactures a device known as a Bio–Ionic System. The BIS device is an electrical machine and accompanying reclining chair that applies electromagnetic currents to the human body through adhesive electrode pads and coils. Kyttaron maintains that the Bio–Ionic System produces "free electrons" within the body, thereby stimulating and enhancing the body's natural healing processes.

The FDA received several reports that Kyttaron was promoting the device as a cure for cancer, AIDS, paraplegia, heart disease, muscular dystrophy, and other diseases. In October 1991, FDA investigators obtained administrative inspection warrants and conducted an administrative inspection of Kyttaron's Las Vegas facilities pursuant to 21 U.S.C. § 374. During the search, two violations of the FDCA were discovered: 1) Kyttaron's manufacturing director told investigators that Kyttaron did not maintain manufacturing records and 2) Kyttaron did not label the BIS devices.

U.S. Marshals seized two of the BIS devices after the district court issued a Warrant of Arrest in Rem. Kyttaron filed a claim for the two devices. At the close of discovery, the government's motion for summary judgment on two of three alternative grounds was granted. Kyttaron appeals.

## II. DISCUSSION

■ A district court's grant of summary judgment is reviewed de novo. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir.1994).

### A.

■ Kyttaron argues that the district court erred in granting summary judgment to the United States because it failed to make a finding that the seized devices had entered interstate commerce. Prior to 1976, the government could not seize and condemn misbranded medical devices under the Act without a showing of interstate commerce.

In 1976, Congress eliminated the interstate commerce requirement, thereby permitting seizure and condemnation of any adulterated or misbranded medical device found within the United States. 21 U.S.C. § 334(a)(2)(D); *see also United States v. Depilatron Epilator, Etc.*, 473 F.Supp. 913 (S.D.N.Y.1979). Congress amended the Act because it found that defective medical devices pose significant risks to the health and safety of the public. In so doing Congress articulated a rational basis "necessary to the protection of commerce." *Katzenbach v. McClung*, 379 U.S. 294, 304, 85 S.Ct. 377, 383, 13 L.Ed.2d 290 (1964). The Act is valid and Congress need not provide an independent case-by-case inquiry regarding the effect on commerce. *Id.* at 303, 85 S.Ct. at 383. The district court was therefore not required under 21 U.S.C. § 334(a)(2)(D) to find that the seized BIS devices had entered interstate commerce.

### B.

Kyttaron next contends that genuine issues of fact exist that preclude summary judgment on the United States' claims under the Food, Drug, and Cosmetic Act.

### 1. Failure to Maintain Adequate Records

■ The district court concluded that Kyttaron had not complied with record-keeping requirements under the FDCA. Pursuant to 21 U.S.C. § 351(h), a medical device is deemed adulterated if it fails to conform with all applicable regulations promulgated pursuant to 21 U.S.C. § 360j(f)(1)(A). These regulations require a manufacturer of medical devices to keep records of quality assurance procedures and information concerning the sources of critical component parts for review during FDA inspections. 21 C.F.R. § 820.180–195. Because Kyttaron conceded that no such records existed, the district court granted summary judgment to the government.

Kyttaron argues that regulations governing manufacturers do not apply. According to Kyttaron, no manufacturing took place at the Las Vegas facility. Kyttaron's argument, however, is founded upon the misap-

prehension that FDA records requirements apply only to premises on which actual manufacturing occurs. To the contrary, 21 C.F.R. § 820.3(k) defines a manufacturer as "any person, including any repacker and/or relabeler, who manufactures, fabricates, assembles, or processes a finished device." By Kyttaron's own admission, its purpose was "to manufacture and supply devices for use in designated clinics. . . ." Moreover, during the October 16, 1991 inspection, Ms. Strojny observed "two complete BIS devices and numerous components of the BIS at the facility." According to Ms. Strojny's declaration, "[t]he BIS devices were present in various stages of completion."

In support of its contention, Kyttaron points to a declaration by Mr. Naydo, Kyttaron's Director of Manufacturing, which states that no manufacturing took place during his year at the Las Vegas facility. But neither Mr. Naydo's declaration nor Kyttaron's additional submissions contain evidence indicating that its Las Vegas facility did not process or repack BIS devices. At a minimum, Ms. Strojny's declaration establishes that Kyttaron assembled or repacked BIS devices at the Las Vegas facility. The district court properly granted summary judgment to the United States on this issue.

### 2. Misbranding

■ A medical device is misbranded if it does not bear adequate directions to enable a layperson to use it safely. *See* 21 U.S.C. § 352(f)(1); 21 C.F.R. § 801.5; *cf. United States v. Articles of Drug*, 625 F.2d 665, 672–75 (5th Cir.1980) (interpreting analogous provision applicable to drugs). Misbranded medical devices are subject to forfeiture without regard to whether they entered interstate commerce. 21 U.S.C. § 334(a)(2)(D). The government relied upon Ms. Strojny's declaration, which states that during the October 16, 1991 inspection, she observed fully operational BIS machines that bore no labeling whatsoever. Kyttaron offered no contrary evidence. The district court properly granted summary judgment to the United States on the misbranding claim.

### C.

■ Kyttaron argues that the United States is "estopped" from pursuing this forfeiture action by its involvement in a California state-court criminal prosecution of Evans Rapsomanikis for theft and stock fraud. According to Kyttaron, the FDA was unable to prove during the California criminal trial that BIS devices were adulterated and therefore may not reassert the claim. The argument lacks merit.

We recognize that under the doctrine of issue preclusion, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *State of Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988). Furthermore, non-parties will be precluded from relitigating an issue if they effectively controlled the prior litigation and had "a direct financial or proprietary interest in the outcome." *State of Montana*, 440 U.S. at 154, 99 S.Ct. at 974.

Kyttaron's issue preclusion argument fails for a number of reasons: 1) no judgment was entered in the California criminal trial because the action was voluntarily dismissed by the State; 2) the United States was not a party to the state criminal proceedings even though at least one FDA investigator was called as an expert witness in the criminal action, *cf. State of Montana*, 440 U.S. at 154–55, 99 S.Ct. at 974–75; 3) the criminal charges were based on allegations completely different from the allegations made by the United States in this litigation; and 4) the transcripts relied upon by Kyttaron fail to suggest that Kyttaron's compliance with the FDCA was a principal issue in the state action.

### D.

■ On October 16, 1991, FDA investigators conducted an administrative inspection of Kyttaron's Las Vegas facility pursuant to an inspection warrant issued by the district court. Kyttaron argues that if the district

court had considered the testimony by the FDA experts in the California criminal trial against Rapsomanikis, "the reasonableness of the search and seizure in Las Vegas, Nevada would have been placed in serious doubt." This argument is patently without merit; the earlier California prosecution of Rapsomanikis on theft and stock fraud charges was completely unrelated to the question of whether the BIS devices in Kyttaron's possession complied with FDA regulations.

Kyttaron also argues that probable cause did not exist to detain and seize the two BIS devices but fails to support this contention with a factual basis or citations to authority. The argument is therefore waived. *Northwest Acceptance Corp. v. Lynnwood Equipment*, 841 F.2d 918, 924 (9th Cir.1988).

AFFIRMED.